COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER GRANTING COUNSEL'S MOTION TO WITHDRAW,
APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE
MOTION FOR REHEARING OR EN BANC RECONSIDERATION
AND ABATING APPEAL PENDING APPOINTMENT OF COUNSEL

Appellate Case:    No. 01-08-00337-CR, *Donna Gayle Holcomb v.
The State of Texas*

Trial Court Case:   No. 1141352 in the 230th District Court of Harris County, Texas

Appellant's retained counsel, Jani J. Maselli, has filed a motion to withdraw as appellant's counsel on appeal. *See* TEX. R. APP. P. 6.5. Appellant does not oppose the motion, but expresses the desire to continue to pursue her appeal and that she is indigent.

Accordingly, we grant the motion to withdraw and appellant's motion for extension of time to file her motion for rehearing and/or en banc reconsideration. We abate the appeal and remand for the trial court to immediately conduct a hearing, at which appellant[1] and a representative of the Harris County District Attorney's Office shall be present. The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings and recommendations on whether appellant is presently indigent, in which case the trial court should appoint appellate counsel at no expense to appellant, *see* TEX. CODE CRIM. PROC. ANN. art. 26.04 (West Supp. 2011).

**The trial court's findings and recommendations shall be sent to this Court no later than April 27, 2012.** If the hearing is conducted by video teleconference, the trial court's findings and recommendations and a certified electronic copy of the hearing shall be filed in this Court **no later than April 27, 2012.**

---

1    Appellant shall be present for the hearing in person or, if appellant is incarcerated and at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and her counsel, if any, shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties of and the Clerk of this Court of such date.**

It is so **ORDERED**.


Judge's signature: /s/ Jane Bland
                        Acting individually


Date: March 22, 2012

RECEIVED IN
COURT OF APPEALS
2012 MAR 22 PM 3: 18

H. KARINNE WILLOUGH
CLERK OF THE COURT

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

**ORDER GRANTING COUNSEL'S MOTION TO WITHDRAW
APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE
MOTION FOR REHEARING OR EN BANC RECONSIDERATION
AND ABATING APPEAL PENDING APPOINTMENT OF COUNSEL**

Appellate Case: No. 01-08-00337-CR, *Donna Gayle Holcomb v.
The State of Texas*

Trial Court Case: No. 1141352 in the 230th District Court of Harris County, Texas

Appellant's retained counsel, Jani J. Maselli, has filed a motion to withdraw as appellant's counsel on appeal. *See* TEX. R. APP. P. 6.5. Appellant does not oppose the motion, but expresses the desire to continue to pursue her appeal and that she is indigent.

Accordingly, we grant the motion to withdraw and appellant's motion for extension of time to file her motion for rehearing and/or en banc reconsideration. We abate the appeal and remand for the trial court to immediately conduct a hearing, at which appellant[1] and a representative of the Harris County District Attorney's Office shall be present. The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings and recommendations on whether appellant is presently indigent, in which case the trial court should appoint appellate counsel at no expense to appellant, *see* TEX. CODE CRIM. PROC. ANN. art. 26.04 (West Supp. 2011).

**The trial court's findings and recommendations shall be sent to this Court no later than April 27, 2012.** If the hearing is conducted by video teleconference, the trial court's findings and recommendations and a certified electronic copy of the hearing shall be filed in this Court **no later than April 27, 2012**.

---

[1] Appellant shall be present for the hearing in person or, if appellant is incarcerated and at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and her counsel, if any, shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties of and the Clerk of this Court of such date.**

It is so **ORDERED**.

Judge's signature: _____
Acting individually

Date: March 22, 2012

2